# EXHIBIT A

**ORIGINAL**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARE.COM, INC., a Delaware corporation; and DOES 1-25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GWENICE GARNETT

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**Superior Court Of California,**
**Sacramento**

**02/07/2017**

ccullen

By _____, Deputy

**Case Number:**
**34-2017-00207644**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):*
34-2017-00207644

Superior Court of California, County of Sacramento
720 9th Street, Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Renee N. Parras, Tower Legal Group, P.C., 1510 J Street, Suite 125, Sacramento, CA  95814  (916) 361-6009

DATE: **FEB 0 7 2017**
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ORIGINAL

**FILED**
**Superior Court Of California,**
**Sacramento**
**02/07/2017**
cculley
By _____ Deputy
**Case Number:**
**34-2017-00207644**

**TOWER LEGAL GROUP, P.C.**
James A. Clark (SBN 278372)
Renee N. Parras (SBN 283441)
1510 J Street, Suite 125
Sacramento, CA 95814
Tel: (916) 361-6009
Fax: (916) 361-6019
E-mail: james.clark@towerlegalgroup.com
          renee.parras@towerlegalgroup.com

Attorneys for Plaintiff
GWENICE GARNETT

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SACRAMENTO

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| GWENICE GARNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CARE.COM, INC., a Delaware corporation;<br>and DOES 1-25, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Declaratory Relief;<br>2. Disability Discrimination (Cal. Gov't Code § 12940(a));<br>3. Failure to Accommodate (Cal. Gov't Code § 12940(m));<br>4. Failure to Engage in an Interactive Process (Cal. Gov't Code § 12940(n));<br>5. Retaliation under FEHA (Cal. Gov't Code § 12940(h));<br>6. Failure to Prevent Discrimination, & Retaliation (Cal. Gov't Code § 12940(k)); and<br>7. Wrongful Termination in Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

BY FAX

1   Plaintiff Gwenice Garnett alleges:

2   **PARTIES**

3   1.   Plaintiff Gwenice Garnett (referred to as "Garnett" or "Plaintiff" or "Plaintiff

4   Garnett") is a female adult natural person who is and was at all times mentioned a resident of the

5   State of California and employed by Defendant Care.com, Inc. in the County of Sacramento.

6   2.   Defendant Care.com, Inc. ("Care.com" or "Defendant" or "Defendant Care.com"), a

7   Delaware corporation, was at all times material to this Complaint, an employer of Plaintiff, doing

8   business in the State of California, County of Sacramento, and is an entity subject to suit before this

9   Court.

10   3.   DOES 1-25 are sued under fictitious names. Their true names and capacities are

11   unknown to Plaintiff. Plaintiff alleges on information and belief that DOES 1-25 are entities of

12   unknown form who were the employers of the Plaintiff. They are also individuals who committed

13   the torts alleged against Plaintiff. The true names and capacities, whether individual, corporate,

14   associate, agency, or otherwise, of DOES 1-25, inclusive, are unknown to Plaintiff, who therefore

15   sues the DOE Defendants by fictitious names. Plaintiff will amend this complaint to show their true

16   names and capacities when they have been ascertained.

17   4.   For the purposes of this Complaint, the terms "Care.com," and "DOES 1-25" will be

18   collectively referred to as "Defendants."

19   5.   Plaintiff alleges on information and belief that there exists, and, at all times relevant

20   to this Complaint, existed a unity of interests between the Defendants such that any individuality and

21   separateness between these Defendants has ceased, and these Defendants are the alter ego of the other

22   Defendants and extend control over each other. Adherence to the fiction of the separate existence of

23   these Defendants as an entity distinct from other Defendants will permit an abuse of the corporate

24   privilege and would sanction fraud and/or promote injustice.

25   6.   Plaintiff alleges on information and belief that the fictitiously named Defendants were

26   the agents, servants, and employees of Defendants and, in doing the acts and things alleged in this

27   Complaint, were at all times acting within the course and scope of said agency, servitude, and

28   employment and with the permission, consent, and approval or subsequent ratification of the named

1 | Defendants.

2   7.   Plaintiff alleges on information and belief that at all times mentioned in this
3 | Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things
4 | alleged in this Complaint were acting within the scope of such agency and employment and acted in
5 | such a manner as to ratify the conduct of their co-Defendants.

6   8.   Plaintiff alleges on information and belief that Defendants are employers subject to
7 | suit under the California Government Code and California Civil Code, as they are organizations with
8 | employees and individuals employed by an organization doing business in the State of California.

9   9.   Plaintiff alleges on information and belief that Defendants constituted an "integrated
10 | enterprise" and "integrated employers" with interrelated operations, common management,
11 | centralized control of labor relations, and common ownership and/or financial control. Plaintiff also
12 | alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each
13 | other. Whenever reference is made to the Defendants, it is intended to include the named Defendants
14 | as well as all of the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible
15 | in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

16   **VENUE AND JURISDICTION**

17   10.   Venue is proper because Plaintiff worked for Defendant Care.com in the County of
18 | Sacramento, State of California. Defendant Care.com was doing business in the County of
19 | Sacramento, State of California. Venue is also proper because the wrongful conduct that is alleged
20 | in this Complaint took place in the County of Sacramento, pursuant to California Government Code
21 | 12965(a).

22   11.   Pursuant to California Government Code 12965(a): "The civil action shall be brought
23 | in any county in which unlawful practices are alleged to have been committed, in the county in which
24 | records relevant to the alleged unlawful practices are maintained and administered, or in the county
25 | in which the person claiming to be aggrieved would have worked or would have had access to public
26 | accommodation, but for the alleged unlawful practices."

27 | //

28 | //

12. Subject matter jurisdiction is met in this Court as the action incorporates an amount in controversy exceeding $25,000.00.

13. On or about May 10, 2016, Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing ("DFEH"). On or about November 29, 2016, the DFEH issued Plaintiff a Right to Sue. DFEH Matter Number: 743966-211363 was assigned to Plaintiff's Complaint of Discrimination. Plaintiff has properly exhausted her administrative remedies with the DFEH. ("**EXHIBIT A**")

14. At all times mentioned, the California Government Code was in full force and effect and binding on Defendants. Plaintiff is covered by the protections against discrimination, harassment, and retaliation under the California Government Code.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiff began her employment with Defendant Care.com on or about November 27, 2015 as a Back-up Care Specialist in Sacramento, California. Plaintiff was hired under the premise that she would work remotely from home on a part-time basis, earning $15.00 per hour.

16. In or about December 2015, Plaintiff began training remotely from home with team lead, Laureen Granger ("Granger"), through Skype. Granger noticed Plaintiff was having difficulty with her training modules. Plaintiff informed Granger that she had a learning disability and that she felt Ms. Granger was upset with her because she was not understanding the material as quickly due to her disability. Granger told Plaintiff that she was "upset with the situation" and that they "may not have the time or resources to train [her] at [her] own pace." Granger also told Plaintiff to not report to work the next day.

17. Plaintiff notified human resources of her learning disability on or about December 14, 2015 as well.

18. As per Granger's instructions, Plaintiff did not work on December 15-16, 2015. Marsha Necco ("Necco") told Plaintiff she should be working and there was no reason for her not to be working.

//

//

19.     On December 16, 2015, Plaintiff's doctor faxed a note to Defendant stating "Gwenice Garnett is under my care. Due to her condition, she has a learning disability. Please accommodate her."

20.     Defendant did not engage in any conversation with Plaintiff about what accommodations would enable her to perform her essential job functions and made a unilateral decision to extend Plaintiff's training schedule, but reduced her hours.

21.     Plaintiff resumed training on December 17, 2015 with Granger.

22.     On December 22, 2015, Ladan Nur ("Nur"), Backup Care Team Lead, emailed Plaintiff an adjusted training schedule, which reflected her hours had been reduced to two hours of one-on-one training via Skype with either Granger or Nur, and two hours of review on her own.

23.     While Plaintiff was training with Granger on December 29, 2015, Granger pushed Plaintiff to go faster and became frustrated and agitated with Plaintiff when Plaintiff had to refer to her handbook and notes. Granger told Plaintiff "you should know this by now", "the other people have caught on," referring to the other employees hired at the same time as Plaintiff. Granger also told Plaintiff she did not expect to have to train Plaintiff this long,  Plaintiff reminded Granger that she has a disability, does not catch on as fast as the others who do not have a disability, and that there were still things she had not been trained on. Granger told Plaintiff she and Nur were too busy and unable to finish training Plaintiff until further notice. Granger also told Plaintiff that she would only get two hours on her own without their help for the rest of the week, that there was nothing else Defendant could offer her as an accommodation. At that point, Plaintiff's one-on-one training ceased and she was forced to study on her own two hours a day from December 30-31, 2015. Plaintiff notified Necco in human resources about Granger's treatment towards her and that her training had been abruptly interrupted by Granger.

24.     On January 4, 2016, Naquan Cooper ("Cooper"), the Backup Care Services Manager, emailed Plaintiff a training schedule for the first two weeks of January 2016. Plaintiff's training was reduced to one hour per day of one-on-one training and one hour of independent review, which reduced Plaintiff's income in half and caused Plaintiff emotional distress.

//

1     25.     On January 5, 2016, Plaintiff began training with Kelly Jones ("Jones"), Backup Care
2  Specialist of eight months, via Skype for only one hour per day.  Plaintiff was not given training with
3  clients, despite other non-disabled employees getting to train with clients.  Cooper did not want
4  Plaintiff's home phone to be set-up for client calls and canceled Plaintiff's scheduled client training
5  date.  As such, Plaintiff was only allowed to engage in mock client calls with Jones.    Plaintiff
6  completed training with Jones on January 15, 2016.

7     26.     On January 18, 2016 Plaintiff emailed Necco to find out the status of her employment,
8  but did not receive a response.

9     27.     On January 19, 2016, Plaintiff emailed Cooper about the status of her employment.
10  Cooper said training sessions were not scheduled that week because they were reviewing Jones'
11  training notes with Plaintiff to see where Plaintiff was in training and would get back to her.

12     28.     Plaintiff finally underwent testing with Cooper via her Skype phone on January 26th,
13  27th and 29th, 2016.  Testing lasted approximately 10 minutes each day and consisted of only a few
14  questions each time.

15     29.     During the January 29, 2016 test, Cooper told Plaintiff she needed a more repetitive
16  type of job and not a customer service job.  Plaintiff felt rushed through the test and told Cooper that
17  the questions Cooper was testing her with were confusing and completely different from what she
18  had been trained in.  Plaintiff also explained that she felt like Cooper was setting her up to fail because
19  the test was so different from how she was trained.  Cooper told Plaintiff they were "too busy" to
20  work with her.  Cooper also told Plaintiff she would let her know what they decide to do after speaking
21  to Necco.  Plaintiff told Cooper she was confident she could do the job if given a chance.

22     30.     On February 2, 2016, Plaintiff received a letter from Defendant stating her
23  employment was terminated effective February 3, 2016.  Defendant's letter states "[d]espite multiple
24  accommodations you were unable to perform the essential functions of the job which left us no option
25  other than termination."

26     31.     Plaintiff remains emotionally distraught over Defendant's conduct of terminating her
27  employment due to her known learning disability.  Plaintiff is embarrassed, humiliated, and
28  emotionally broken after having been directly discriminated against because of her learning disability

1 | and need for accommodation.

2 | 32. Plaintiff now timely brings this civil action.

3 | **FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**
4 | **(Against All Defendants)**

5 | 33. Plaintiff refers to and incorporates by reference all facts alleged in the preceding

6 | paragraphs as though fully set forth herein.

7 | 34. *Government Code* section 12920 sets forth the public policy of the State of California:

8 | "It is hereby declared as the public policy of this state that it is necessary to

9 | protect and safeguard the right and opportunity of all persons to seek, obtain,

10 | and hold employment without discrimination or abridgment on account of

11 | race, religious creed, color, national origin, ancestry, physical disability,

12 | mental disability, medical condition, genetic information, marital status,

13 | sex, gender, gender identity, gender expression, age, or sexual orientation.

14 | "It is recognized that the practice of denying employment opportunity and

15 | discriminating in the terms of employment for these reasons foments

16 | domestic strife and unrest, deprives the state of the fullest utilization of its

17 | capacities for development and advancement, and substantially and

18 | adversely affects the interests of employees, employers, and the public in

19 | general.

20 | 35. "Further, the practice of discrimination because of race, color, religion, sex,

21 | gender, gender identity, gender expression, sexual orientation, marital

22 | status, national origin, ancestry, familial status, source of income, disability,

23 | or genetic information in housing accommodations is declared to be against

24 | public policy. It is the purpose of this part to provide effective remedies

25 | that will eliminate these discriminatory practices.

26 | This part shall be deemed an exercise of the police power of the state for the

27 | protection of the welfare, health, and peace of the people of this state."

28 | //

36.  *Government Code* section 12920.5 states the intent of the California legislature:

"In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution."

37.  Moreover, *Government Code* section 12921, subdivision (a) states:

"The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right."

38.  An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties. Plaintiff contends that she was discriminated and retaliated against due to her disability, need for accommodation and engaging in protected activity. Plaintiff is informed and believes, and on that basis alleges, that Defendant disputes Plaintiff's contention.

39.  Pursuant to *Code of Civil Procedure* section 1060, Plaintiff desires a judicial determination of her rights and duties, and a declaration that she experienced discrimination and retaliation in the workplace of Defendant.

40.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for himself and on behalf of employees of the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendant and to condemn such discriminatory, harassing and/or retaliatory employment policies or practices. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

//

//

1    41.    A judicial declaration is necessary and appropriate at this time such that Defendant
2 and its supervisors may also be aware of their obligations under the law to refrain from engaging in
3 discriminatory, harassing and/or retaliatory practices or violate the law and that Defendant has an
4 obligation under the law to take all steps reasonably necessary to prevent discrimination, harassment
5 and retaliation from occurring in the work place.

6    42.    A judicial declaration is necessary and appropriate at this time such that Defendant
7 and its supervisors may also be aware an adverse employment decision substantially motivated by
8 discrimination may warrant a judicial declaration of employer wrongdoing and provide instruction
9 for the employer to change any policy of procedure to prevent reoccurring in the future.  Declaratory
10 relief, where appropriate, may serve to reaffirm the plaintiff's equal standing among her coworkers
11 and community, and to condemn discriminatory employment policies or practices. (See Code Civ.
12 Proc., § 1060 [a court may make a binding declaration of contested rights and duties].)

13    43.    A judicial declaration is necessary and appropriate at this time such that a court may
14 grant injunctive relief where appropriate to stop discriminatory practices. (See *Aguilar v. Avis Rent-*
15 *A-Car System, Inc.* (1999) 21 Cal.4th 121, 131 [courts may grant injunctive relief under the FEHA
16 to prevent discriminatory conduct from recurring]; cf. *EEOC v. Ilona of Hungary* (7th Cir. 1997)
17 108 F.3d 1569, 1579 [finding unlawful discrimination on the basis of religion under Title VII and
18 upholding injunctive relief -where the individuals who were found to have discriminated remain the
19 defendant's primary decision-makers.])

20    44.    A judicial declaration is necessary and appropriate at this time such that, pursuant to
21 California Government Code Section 12965(b)(3), including, without limitation, a requirement that
22 Defendant conduct training for all employees, supervisors, and management, on the requirements of
23 the Fair Employment and Housing Act, the rights and remedies of those who allege a violation of
24 the Fair Employment and Housing Act and the employer's internal grievance procedures.

25    45.    *Government Code* section 12965(b) provides that an aggrieved party, such as the
26 Plaintiff herein, may be awarded reasonable attorney's fees and costs.  "In civil actions brought
27 under this section, the court, in its discretion, may award to the prevailing party, including the
28 department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs

1   expended by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring
2   discrimination.

### SECOND CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### (CAL. GOV'T CODE § 12940(a) et seq.)
### (Against All Defendants)

6   46.   Plaintiff refers to and incorporates by reference all facts alleged in the preceding
7   paragraphs as though fully stated here.

8   47.   The California Fair Employment and Housing Act ("FEHA") prohibits employers
9   from discharging or otherwise discriminating against an employee in compensation, terms, conditions
10   or privileges of employment on the basis of his/her disability. Cal. Gov't Code § 12940(a) *et seq.*

11   48.   At all times mentioned in this Complaint, Plaintiff was an "eligible employee" under
12   the California Labor and Government Codes.

13   49.   At all times mentioned in this Complaint, Defendant was a "covered employer" under
14   FEHA, Cal. Gov't Code § 12900, et seq., as Defendant employed 5 or more people to perform services
15   for a salary or wage in the State of California.

16   50.   Defendant unlawfully discriminated against Plaintiff on the basis of her disability and
17   need for accommodation.

18   51.   Plaintiff alleges on information and belief that her disability and need for
19   accommodation was a substantial motivating reason for Defendant's decision to terminate her
20   employment in violation of Government Code § 12940, et seq.

21   52.   Defendant was substantially motivated, in part, to terminate Plaintiff because of her
22   disability and need for accommodation.

23   53.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special
24   damages, including, but not limited to, past and future loss of income, benefits, and other damages to
25   be proven at time of trial.

26   54.   As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has
27   suffered general damages, including, but not limited to, shock, embarrassment, humiliation,
28   emotional distress, and other damages to be proven at the time of trial.

1    55.    The unlawful conduct alleged above was engaged in by the officers, directors,

2 supervisors and/or managing agents of Defendant who were acting at all times relevant to this

3 Complaint within the scope and course of their employment.  Defendant is liable for the conduct of

4 said agents and employees under the doctrine of strict liability.

5    56.    Defendant committed these acts maliciously, fraudulently and oppressively in

6 conscious disregard for the Plaintiff's rights.  Defendant committed and/or ratified the acts alleged

7 herein.  These acts were committed with the knowledge of employees' lack of fitness in the workplace

8 but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff

9 is therefore entitled to recover punitive damages from Defendant in an amount according to proof at

10 trial.

11    57.    As a result of the conduct of Defendant, Plaintiff was forced to retain an attorney in

12 order to protect her rights.  Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

13 incurred in this litigation in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### (CAL. GOV'T CODE § 12940(m) et seq.)
### (Against All Defendants)

17    58.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

18 paragraphs as though fully stated here.

19    59.    Defendant had an affirmative duty to make reasonable accommodations for Plaintiff.

20    60.    Defendant failed to provide reasonable accommodations for Plaintiff in violation of

21 Cal. Govt. Code §§12940(m), despite the fact that they had actual and constructive knowledge of her

22 disability and need for accommodation.

23    61.    Plaintiff was able to perform the essential functions of her job with a reasonable

24 accommodation.

25    62.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special

26 damages, including, but not limited to, past and future loss of income, benefits, and other damages to

27 be proven at time of trial.

28  //

1    63.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has

2 suffered general damages, including, but not limited to, shock, embarrassment, humiliation,

3 emotional distress, stress and other damages to be proven at the time of trial.

4    64.    The unlawful conduct alleged above was engaged in by the officers, directors,

5 supervisors and/or managing agents of Defendant, who were acting at all times relevant to this

6 Complaint within the scope and course of their employment.  Defendant is liable for the conduct of

7 said agents and employees under the doctrine of strict liability.

8    65.    Defendant committed these acts maliciously, fraudulently and oppressively in

9 conscious disregard for the Plaintiff's rights.  Defendant committed and/or ratified the acts alleged

10 herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace

11 but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.  Plaintiff

12 is therefore entitled to recover punitive damages from Defendant in an amount according to proof at

13 trial.

14    66.    As a result of the conduct of Defendant, Plaintiff was forced to retain an attorney in

15 order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

16 incurred in this litigation in an amount according to proof at trial.

17

18
### FOURTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS
### (CAL. GOV'T CODE § 12940(n) et seq.)
### (Against All Defendants)

19

20    67.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

21 paragraphs as though fully stated here.

22    68.    Defendant had an affirmative duty to engage in a good faith interactive process with

23 Plaintiff.

24    69.    Defendant failed to engage in a good faith interactive process with Plaintiff in

25 violation of Cal. Govt. Code §§12940(n) despite the fact that it had actual and constructive knowledge

26 of her disability and need for accommodation.

27 //

28 //

1    70.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special
2  damages, including, but not limited to, past and future loss of income, benefits, and other damages to
3  be proven at time of trial.

4    71.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has
5  suffered general damages, including, but not limited to, shock, embarrassment, humiliation,
6  emotional distress, stress and other damages to be proven at the time of trial.

7    72.    The unlawful conduct alleged above was engaged in by the officers, directors,
8  supervisors and/or managing agents of Defendant, who were acting at all times relevant to this
9  Complaint within the scope and course of their employment. Defendant is liable for the conduct of
10  said agents and employees under the doctrine of strict liability.

11    73.    Defendant committed these acts maliciously, fraudulently and oppressively in
12  conscious disregard for the Plaintiff's rights. Defendant committed and/or ratified the acts alleged
13  herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace
14  but were allowed to proceed, by officers, directors, and/or managing agents of Defendant. Plaintiff
15  is therefore entitled to recover punitive damages from Defendant in an amount according to proof at
16  trial.

17    74.    As a result of the conduct of Defendant, Plaintiff was forced to retain an attorney in
18  order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs
19  incurred in this litigation in an amount according to proof at trial.

20

21

**FIFTH CAUSE OF ACTION**
**RETALIATION UNDER FEHA**
**(CAL. GOV'T CODE § 12940(h), (m)(2) et seq.)**
**(Against All Defendants)**

22

23    75.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding
24  paragraphs as though fully stated here.

25    76.    California law protects employees from retaliation for requesting a reasonable
26  accommodation, Gov't Code, § 12940(m)(2), et seq and for exercising the right to oppose a practice
27  prohibited by FEHA, Cal. Gov't Code § 12940(h), et seq.

28  //

1    77.    Defendant's conduct as previously alleged was in retaliation for Plaintiff's request for

2    a reasonable accommodation, in violation of Gov't Code, § 12940(m)(2), et seq. and for Plaintiff's

3    assertion of rights under FEHA, in violation of Gov't Code § 12940(h).

4    78.    Defendant's conduct materially and adversely affected the terms and conditions of

5    Plaintiff's employment.

6    79.    Plaintiff's request for a reasonable accommodation and assertion of her rights under

7    the FEHA were substantial motivating reasons for Defendant's decision to discriminate against and

8    terminate Plaintiff.

9    80.    Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

10    81.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered special

11    damages, including, but not limited to, past and future loss of income, benefits, and other damages

12    to be proven at time of trial.

13    82.    As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff has

14    suffered general damages, including, but not limited to, shock, embarrassment, humiliation,

15    emotional distress, stress and other damages to be proven at the time of trial.

16    83.    The unlawful conduct alleged above was engaged in by the officers, directors,

17    supervisors and/or managing agents of Defendant, who were acting at all times relevant to this

18    Complaint within the scope and course of their employment. Defendant is liable for the conduct of

19    said agents and employees under the doctrine of strict liability.

20    84.    Defendant committed these acts maliciously, fraudulently and oppressively in

21    conscious disregard for the Plaintiff's rights. Defendant committed and/or ratified the acts alleged

22    herein.  These acts were committed with the knowledge of employees' lack of fitness in the

23    workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendant.

24    Plaintiff is therefore entitled to recover punitive damages from Defendant in an amount according

25    to proof at trial.

26    85.    As a result of the conduct of Defendant, Plaintiff was forced to retain an attorney in

27    order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

28    incurred in this litigation in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION & RETALIATION**
**(CAL. GOV'T CODE § 12940(k) et seq.)**
**(Against All Defendants)**

86.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

87.     Defendant failed to take all reasonable steps to prevent discrimination and retaliation against Plaintiff from occurring, and failed to take immediate corrective action to remedy the discrimination and retaliation, in violation of FEHA, Cal. Gov't Code § 12940(k).

88.     Specifically, Defendant failed to take any disciplinary measures to prevent and/or remedy the discrimination against Plaintiff, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination.

89.     Plaintiff's disability and need for accommodation led to Defendant's discriminatory and retaliatory conduct, in that it is conduct that occurred precisely because of Plaintiff's disability and need for accommodation.

90.     Plaintiff's disability and need for accommodation were substantial motivating factors for the acts of discrimination and retaliation as previously mentioned.

91.     Defendant's conduct was a substantial factor in causing Plaintiff harm.

92.     As a direct and proximate result of Defendant's conduct and failures to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

93.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

94.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendant, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

//

//

1      95.    Defendant committed these acts maliciously, fraudulently and oppressively in

2 conscious disregard for the Plaintiff's rights. Defendant committed and/or ratified the acts alleged

3 herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace

4 but were allowed to proceed, by officers, directors, and/or managing agents of Defendants. Plaintiff is

5 therefore entitled to recover punitive damages from Defendant in an amount according to proof at

6 trial.

7      96.    As a result of the conduct of Defendant, Plaintiff was forced to retain an attorney in

8 order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

9 incurred in this litigation in an amount according to proof at trial.

10                  **SEVENTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
11                        **(Against All Defendants)**

12      97.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

13 paragraphs as though fully stated here.

14      98.    At all times relevant to this Complaint, FEHA was in full force and effect and binding

15 upon Defendants. FEHA prohibits employers from discharging or otherwise discriminating against

16 an employee on the basis of disability in compensation, terms, conditions, or privileges of

17 employment. Cal. Gov't Code § 12940(a).

18      99.    It is "the public policy of this state that it is necessary to protect and safeguard the

19 right and opportunity of all persons to seek, obtain, and hold employment without discrimination or

20 abridgment on account of . . . physical disability, mentally disability, [or] medical condition." Cal.

21 Gov't Code § 12920.

22      100.    Defendant violated California public policy by discriminating against and terminating

23 Plaintiff.

24      101.    Defendant's conduct as previously alleged was in retaliation for Plaintiff's request for

25 an accommodation and assertion of her rights under the FEHA.

26      102.    Defendant's conduct was a substantial factor in causing harm to Plaintiff.

27 //

28 //

103.   Defendant's conduct was in violation of fundamental, substantial public policies of this state, including, but not limited to the ADA and California Government Code section 12940, *et seq.*

104.   As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

105.   As a direct, foreseeable, and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

106.   Defendant's acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in amount subject to proof at trial.

107.   The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendant, who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendant is liable for the conduct of said agents and employees under the doctrine of strict liability.

108.   Defendant's wrongful conduct has also necessitated the retention of legal counsel to pursue Plaintiff's claims, the costs of which should be borne by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For declaratory relief, i.e. a declaration of the Court that Defendant violated the Fair Employment and Housing Act with respect to Plaintiff's employment and her termination and provide instruction to Defendant to ensure future compliance;

2. For injunctive relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendant conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and

Housing Act, the rights and remedies of those who allege a violation of the Fair Employment and Housing Act and the employer's internal grievance procedures;

3. For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

4. For punitive damages;

5. For compensatory, general, and special damages, including front pay, in an amount according to proof;

6. For statutory attorneys' fees;

7. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

8. For costs of suit;

9. For expert witness fees pursuant to FEHA; and

10. For such other and further relief as the Court may deem just and proper.

DATED: February 7, 2017                  TOWER LEGAL GROUP, P.C.

By: _____
JAMES A. CLARK
RENEE N. PARRAS
Attorneys for Plaintiff, GWENICE GARNETT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: February 7, 2017                  TOWER LEGAL GROUP, P.C.

By: _____
JAMES A. CLARK
RENEE N. PARRAS
Attorneys for Plaintiff, GWENICE GARNETT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 29, 2016

Gwenice Garnett
2361 Bridlewood Drive
Rancho Cordova, CA  95670

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Number: 743966-211363
      EEOC Number: 37A-2016-02072-C  (Sacramento - N)
      Garnett / Care.com Backup Care Child And Adult Services

Dear Gwenice Garnett:

The Department of Fair Employment and Housing (DFEH) has closed your case for the
following reason: Withdrawn.

**This is your Right to Sue Notice.** According to Government Code section 12966,
subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. This is also applicable
to DFEH complaints that are filed under, and allege a violation of, Government Code
section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action
must be filed within one year from the date of this letter. However, if your civil complaint
alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney
about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint,
you may have waived the right to file a private lawsuit. Should you decide to bring a
civil action on your own behalf in court in the State of California under the provisions of
the California Fair Employment and Housing Act (FEHA) against the person, employer,
labor organization or employment agency named in your complaint, below are
resources for this.

<u>**Finding an Attorney**</u>
To proceed in Superior Court, you should contact an attorney. If you do not already
have an attorney, the organizations listed below may be able to assist you:

- The State Bar of California has a Lawyer Referral Services Program which can
  be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-
  2529 (within California) or (415) 538-2250 (outside California).

- Your county may have a lawyer referral service. Check the Yellow Pages of your
  telephone book under "Attorneys."

Notice of Case Closure and Right to Sue
November 29, 2016
Page 2 of 2

**Filing in Small Claims Court**

- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims/. You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

*Susie Aceron*

Susie Aceron
Associate Governmental Program Analyst
559-244-4796
susie.aceron@dfeh.ca.gov

cc:


Care.com Backup Care Child And Adult Services
Jessica Marinelli
333 Bush Street, 34th Floor Littler Mendelson, PC
San Francisco, CA 94104

RECEIVED
CIVIL DROP BOX

2017 FEB -7  PM 2: 49

GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY